# In the United States Court of Federal Claims

No. 21-2291

Filed: June 30, 2022

|  |  |
|---|---|
| **JORDAN URIAH JONES,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

*Jordan Uriah Jones*, appearing pro se.

*Stephen J. Smith*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., with whom were *Claudia Burke*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General.

## OPINION AND ORDER

**MEYERS, Judge**.

This case challenges various acts by multiple defendants that Jordan Jones claims deprived him of his right to a proper education under the Individuals with Disabilities Education Act. The question is whether any of these claims are within this Court's jurisdiction. They are not. Most of the Complaint focuses on parties other than the United States, which is the only defendant over which this Court has jurisdiction. And to the extent that Jones brings any claims against the United States, they are not based on constitutional or statutory provisions within this Court's jurisdiction. Nor can this Court hear claims based on a contract implied in law. To be clear, this Court does not reach the merits of Jones's claims, and only finds that he may not bring his claims in this Court.

### I. Background.

Plaintiff, proceeding pro se, alleges an assortment of claims against the Department of Education, the Commonwealth of Pennsylvania (Pennsylvania), Pennsylvania Department of Education, the Delaware County Courthouse including the Juvenile and District Attorney Criminal Division(s), a Pennsylvania state court judge, a law firm, and the Penn-Delco School District. ECF No. 1 at 10 (listing parties), 41, 46. Plaintiff alleges that these entities and individuals violated his rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), the Constitution of the United States, and 42 U.S.C. § 1983. *See id.* at 1-5, 10.

Shortly after filing his Complaint, Plaintiff filed a "Motion/Cease and Desist Temporary Injunction" asking this Court to enter a temporary injunction against "Delaware County General Jurisdiction Courts, Regina McClure and Penn-Delco staffer(s), Delaware County Juvenile Probation Office, specifically Lena Parisano and Gail Veriabo." ECF No. 10 at 2. Two weeks later the Government filed a response to the Motion/Cease and Desist Temporary Injunction concurrently with a motion to dismiss. ECF No. 11. Following a few more filings by the Plaintiff and an administrative issue that delayed docketing of one of these filings, the Court ordered a status conference to get a handle on what was going on. ECF No. 16. Pursuant to the discussion during the status conference, the Court ordered Plaintiff to file a supplemental response to the Government's motion to dismiss, to which the Government would reply. ECF No. 17.

## II.     Discussion

### A.     Jurisdiction and Standard of Review

Whether a court has jurisdiction "is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted). If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

It is plaintiff's burden to plead and prove the requisite facts necessary to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). To meet this burden, a plaintiff must establish a court's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When deciding a Rule 12(b)(1) motion to dismiss, the Court must assume all the undisputed facts in the complaint are true and draw all reasonable inferences in the nonmovant's favor. *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)).

Generally, a pro se plaintiff's complaint is held to "less stringent standards . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). A pro se plaintiff may explain the ambiguities in the complaint, but it does not excuse the complaint's jurisdictional failures. *Henke*, 60 F.3d at 799. Indeed, "the leniency afforded pro se litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*,

812 F.2d 1378, 1380 (Fed. Cir. 1987)).  In other words, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met."  *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019); *see also Kelley*, 812 F.2d at 1380.

    **B.**    **This Court lacks Jurisdiction.**

        1.    <u>The United States is the only proper Defendant in this Court.</u>

This Court lacks jurisdiction over entities other than the United States.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Thus, this Court lacks jurisdiction to adjudicate claims against private entities and individuals.  *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014).  This Court also "lacks jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees."  *Harvey v. United States*, 149 Fed. Cl. 751, 765 (2020) (citations and internal quotation marks omitted).  As a result, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."  *Sherwood*, 312 U.S. at 588.  Except for the U.S. Department of Education, none of the individuals or entities listed in Plaintiff's complaint is the United States.  Thus, this Court's jurisdiction does not extend to claims against the Commonwealth of Pennsylvania, the Pennsylvania Department of Education, the Delaware County Courthouse (including the Juvenile and District Attorney Criminal Division(s)), Magistrate Gregory Loftus, the Raffaele & Puppio Law Firm, or the Penn-Delco School District.  Therefore, the Court must dismiss the complaint to the extent it seeks relief from, or an injunction against, any of these parties.

Additionally, to the extent Plaintiff seeks to enjoin the United States in this case, the Court lacks jurisdiction to do so.  This Court cannot enter injunctive relief because Plaintiff's claim against the United States could only arise under 28 U.S.C. § 1491(a).  This Court's ability to enter injunctive relief is generally confined to two circumstances: (1) when the injunction is incident to a final monetary judgment; and (2) in bid protest cases.  28 U.S.C. §§ 1491(a)(2), (b)(2).  This is not a bid protest case.  Because this Court lacks jurisdiction to enter a final judgment for Plaintiff, it lacks jurisdiction to enter nonmonetary relief in this case.  *See Reilly v. United States*, 93 Fed. Cl. 643, 650 (2010) (dismissing nonmonetary relief because of a lack of jurisdiction over plaintiff's monetary claims).

        2.    <u>The claims against the United States are not based on money-mandating sources of law.</u>

Much of Plaintiff's argument focuses on showing that individuals may sue the United States for certain violations in district courts.  That such lawsuits are allowed is beyond dispute.  The question, however, is whether Plaintiff may sue the United States for the alleged conduct in *this* Court.  He may not.  To the extent that any of Plaintiff's allegations are directed against the U.S. Department of Education, this Court lacks jurisdiction because none of the allegations invoke a money-mandating source of law.  In the Complaint, Plaintiff alleges violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.  *See* ECF No. 1 at 1, 14, 36, 41, 47-50.  Plaintiff also alleges violations of his civil rights and the IDEA.

> a)     This Court lacks jurisdiction over Plaintiff's claims arising under the Constitution.

Plaintiff alleges violations of his rights arising under Fourth, Fifth, and Fourteenth Amendments.  ECF No. 1 at 41, 49-52 (alleging violations of his rights under the Fourth and Fourteenth Amendments), 12-13, 50 (alleging violation of his due process rights).  While the Fourth Amendment prohibits unreasonable searches and seizures; it does not mandate the payment of money damages by the United States.  *See LaChance v. United States*, 15 Cl. Ct. 127, 130 (1988) (acknowledging lack of jurisdiction over Plaintiff's alleged violations of his Fourth Amendment right against unreasonable searches and seizures); *Simmons v. United States*, No. 21-921, 2021 WL 2655344, at *3 (Fed. Cl. June 28, 2021) (dismissing Plaintiff's claims under the Fourth Amendment because it is not a money mandating provision); *Jiron v. United States*, 118 Fed. Cl. 190, 199 (2014) (holding that the Court does not have jurisdiction over claims arising under the Fourth Amendment, which is not a money mandating provision).  Because it is not money-mandating, Plaintiff's claims alleging violations of his Fourth Amendment rights are dismissed for lack of jurisdiction.

This Court also lacks jurisdiction over Plaintiff's claims arising under the Fifth Amendment due process clause because it too is not money-mandating.  *LaChance*, 15 Cl. Ct. at 130 ("[T]he fifth amendment constitutional right to due process does not mandate a payment of money by the United States."); *Walton v. United States*, 213 Ct. Cl. 755, 757 (1977) (dismissing claims appearing to arise out of the Fifth Amendment's due process clause for lack of jurisdiction because "that constitutional provision does not in itself obligate the Federal Government to pay money damages"); *Holland v. United States*, 149 Fed. Cl. 543, 554-55 (2020) (collecting cases and concluding the Court of Federal Claims lacks jurisdiction over Fifth Amendment Due Process claims because it does not mandate the payment of money by the United States).  Thus, any of Plaintiff's claims alleging violation of his Fifth Amendment Due Process rights are dismissed.

This Court also lacks jurisdiction over any of Plaintiff's claims arising out of the Equal Protection and Due Process Clauses of the Fourteenth Amendment because the Fourteenth Amendment is not a money mandating statute.  *LeBlanc v. United States*, 50 F.3d 1025, 1028-29 (Fed. Cir. 1995) (acknowledging that the Court of Federal Claims lacks jurisdiction over claims involving the Fourteenth Amendment's Equal Protection and Due Process Clauses); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *Holland*, 149 Fed. Cl. at 554-55 (collecting cases).  Thus, Plaintiff's claims alleging violations of the Fourteenth Amendment's Due Process and Equal Protection clauses are dismissed for lack of jurisdiction.

> b)     This Court lacks jurisdiction to hear claims under 42 U.S.C. § 1983.

One of the main thrusts of the Complaint is that the various defendants violated Plaintiff's civil rights and he therefore seeks relief under Section 1983.  It is well settled that "[42 U.S.C.] § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)

(internal quotations and citations omitted).  Section 1983 "'does not create a right enforceable against the federal government for money damages, but instead creates a cause of action against a person acting under color of state law.'"  *Williams v. United States*, No. 21-1632, 2022 WL 838301, at *4 (Fed. Cl. Mar. 21, 2022) (citing *Hover v. United States*, 566 F. App'x 918, 920 (Fed. Cir. 2014) (alterations omitted)).  According to the Federal Circuit, "[i]t is well established, however, that § 1983 does not confer jurisdiction on the Court of Federal Claims over claims against the United States."  *Johnson v. United States*, 135 F.3d 778 (Fed. Cir. 1998).  Thus, Plaintiff's § 1983 claims are dismissed for lack of jurisdiction.

      c)  *This Court lacks jurisdiction over Plaintiff's claims arising under IDEA.*

Plaintiff's complaint plainly alleges numerous violations of IDEA.  IDEA "offers States federal funds to assist in educating children with disabilities."  *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist.*, 137 S. Ct. 988, 993 (2017).  Receipt of these federal funds is conditioned on compliance with certain statutory conditions, one of them is that the State provide "free appropriate public education" (or "FAPE") to eligible children.  *Id.*

Here, the jurisdictional problem for Plaintiff is that IDEA itself provides for jurisdiction over complaints such as these in the state courts or federal *district* courts.[1]  20 U.S.C. §§ 1415(i)(2)(A) & (3).  When Congress vests jurisdiction in the district courts, this Court "lacks subject matter jurisdiction over" such claims because "[t]he Court of Federal Claims is not a district court of the United States . . . ."  *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).  Because the statute explicitly provides jurisdiction to federal district courts and/or state courts to adjudicate IDEA claims such as Plaintiff's, this Court lacks jurisdiction.  *Endrew F.*, 137 S. Ct. at 994 (describing the dispute resolution procedures by which parents can seek review and then file in state or district court).  Thus, Plaintiff's claims alleging violations of the IDEA must be dismissed for lack of jurisdiction.

    3.  <u>This Court lacks jurisdiction over Plaintiff's contract claim.</u>

Plaintiff argues in his supplemental response that this Court has jurisdiction over his claims under a contract theory.  Under the Tucker Act, a breach of contract claim is distinct from statutory and constitutional claims because a monetary remedy is presumed only in contract claims.  *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021).  All that is required for jurisdiction is a non-frivolous contract claim.  *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021).

Although the complaint does not allege a contractual violation, given the Plaintiff's pro se status the Court allowed him to file a supplemental response to the Government's motion to dismiss addressing the contract claims.  *See* ECF No. 18.  Plaintiff argues correctly that this Court has jurisdiction over express and implied contracts under 28 U.S.C. § 1491(a).  ECF No.

---

[1] Because Congress specifically vested jurisdiction in courts other than this one, this Court does not opine on whether IDEA is a money-mandating statute that could support jurisdiction in this Court.

18, at 11-12. It is the purported contract that is problematic. According to Plaintiff: "Essentially, states hold contractual agreements with the federal agency for provisions of providing State Department of Educations [sic] funding to disseminate education programs." *Id*. at 12. Thus, Plaintiff's argument is that because Pennsylvania accepted federal money under IDEA and IDEA requires Pennsylvania to do certain things, they "essentially" have an implied contract.

There are two types of implied contracts. "An agreement implied in fact is 'founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996) (quoting *Baltimore & Ohio R. Co. v. United States*, 261 U.S. 592, 597 (1923)). "By contrast, an agreement implied in law is a 'fiction of law' where 'a promise is imputed to perform a legal duty, as to repay money obtained by fraud or duress.'" *Id*. (quoting *Baltimore & Ohio R. Co.*, 261 U.S. at 597). This Court's jurisdiction extends only to express contracts and implied in fact contracts, not to contracts implied in law. *Id*. at 423. Here, all of Pennsylvania's duties under IDEA are statutory obligations—i.e., legal duties—that cannot be the basis for a contract within this Court's jurisdiction.

### III.    Conclusion

For the reasons stated above, the Court:

1. GRANTS the Government's motion to dismiss, ECF No. 11;

2. DENIES the Plaintiff's motion for injunctive relief, ECF No. 10; and

3. GRANTS the Plaintiffs motion for leave to proceed in forma pauperis, ECF No. 2.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Edward H. Meyers
Edward H. Meyers
Judge